**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re* | Chapter 11 |
| **AN GLOBAL LLC,** | Case No. 23-11294 (___) |
| **Debtor.** | |
| *In re* | Chapter 11 |
| **4TH SOURCE HOLDING CORP.,** | Case No. 23-11299 (___) |
| **Debtor.** | |
| *In re* | Chapter 11 |
| **AGILETHOUGHT COSTA RICA S.A.,** | Case No. 23-11302 (___) |
| **Debtor.** | |
| *In re* | Chapter 11 |
| **AGILETHOUGHT SERVICIOS MÉXICO, S.A. DE C.V.,** | Case No. 23-11304 (___) |
| **Debtor.** | |
| *In re* | Chapter 11 |
| **AGILETHOUGHT, INC.,** | Case No. 23-11305 (___) |
| **Debtor.** | |

| | |
|---|---|
| *In re* | Chapter 11 |
| **4TH SOURCE MEXICO, LLC,** | Case No. 23-11306 (___) |
| **Debtor.** | |
| *In re* | Chapter 11 |
| **AGILETHOUGHT, LLC,** | Case No. 23-11308 (___) |
| **Debtor.** | |
| *In re* | Chapter 11 |
| **AGILETHOUGHT SERVICIOS ADMINISTRATIVOS, S.A. DE C.V.,** | Case No. 23-11309 (___) |
| **Debtor.** | |
| *In re* | Chapter 11 |
| **AGS ALPAMA GLOBAL SERVICES USA, LLC,** | Case No. 23-11311 (___) |
| **Debtor.** | |
| *In re* | Chapter 11 |
| **AN EXTEND, S.A. DE C.V.,** | Case No. 23-11317 (___) |
| **Debtor.** | |

| | |
|---|---|
| *In re* | Chapter 11 |
| **AN EVOLUTION, S. DE R.L. DE C.V.,** | Case No. 23-11320 (___) |
| **Debtor.** | |
| *In re* | Chapter 11 |
| **CUARTO ORIGEN, S. DE R.L. DE C.V.,** | Case No. 23-11321 (___) |
| **Debtor.** | |
| *In re* | Chapter 11 |
| **ENTREPIDS TECHNOLOGY INC.,** | Case No. 23-11323 (___) |
| **Debtor.** | |
| *In re* | Chapter 11 |
| **FAKTOS INC, S.A.P.I. DE C.V.,** | Case No. 23-11325 (___) |
| **Debtor.** | |
| *In re* | Chapter 11 |
| **FACULTAS ANALYTICS, S.A.P.I. DE C.V.,** | Case No. 23-11328 (___) |
| **Debtor.** | |

| | |
|---|---|
| *In re* | Chapter 11 |
| **IT GLOBAL HOLDING LLC,** | Case No. 23-11330 (___) |
| **Debtor.** | |

| | |
|---|---|
| *In re* | Chapter 11 |
| **AGILETHOUGHT DIGITAL SOLUTIONS, S.A.P.I. DE C.V.,** | Case No. 23-11333 (___) |
| **Debtor.** | |

| | |
|---|---|
| *In re* | Chapter 11 |
| **QMX INVESTMENT HOLDINGS USA, INC.,** | Case No. 23-11335 (___) |
| **Debtor.** | |

| | |
|---|---|
| *In re* | Chapter 11 |
| **AGILETHOUGHT MÉXICO, S.A. DE C.V.,** | Case No. 23-11337 (___) |
| **Debtor.** | |

| | |
|---|---|
| *In re* | Chapter 11 |
| **4TH SOURCE, LLC,** | Case No. 23-11339 (___) |
| **Debtor.** | |

| | |
|---|---|
| *In re* | Chapter 11 |
| **AGILETHOUGHT, S.A.P.I. DE C.V.,** | Case No. 23-11340 (___) |
| **Debtor.** | |
| *In re* | Chapter 11 |
| **AN DATA INTELLIGENCE, S.A. DE C.V.,** | Case No. 23-11341 (___) |
| **Debtor.** | |
| *In re* | Chapter 11 |
| **AN USA,** | Case No. 23-11342 (___) |
| **Debtor.** | |
| *In re* | Chapter 11 |
| **AN UX, S.A. DE C.V.,** | Case No. 23-11343 (___) |
| **Debtor.** | |
| *In re* | Chapter 11 |
| **ENTREPIDS MÉXICO, S.A. DE C.V.,** | Case No. 23-11344 (___) |
| **Debtor.** | |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. § 105(a),
FED. R. BANKR. P. 1015(b) AND LOCAL RULE 1015-1 DIRECTING JOINT
<u>ADMINISTRATION OF THE DEBTORS' RELATED CHAPTER 11 CASES</u>**

The debtors and debtors-in-possession in the above-captioned cases (each a "Debtor" and collectively, the "Debtors") hereby move this Court (the "Motion") pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for entry of an order directing the joint administration of the Debtors' related chapter 11 cases and the consolidation thereof for procedural purposes only.  In support of the Motion, the Debtors submit the *Declaration of James S. Feltman, Chief Restructuring Officer of the Debtors, in Support of First Day Relief* (the "First Day Declaration"), filed contemporaneously herewith, and respectfully submit as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference of the United States District Court for the District of Delaware* dated as February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue of these proceedings and the Motion in this Court is proper under 28 U.S.C. § 1408 and § 1409.

2.      The statutory and rule bases for the relief requested herein are section 105(a) of the Bankruptcy Code, Rule 1015(b) of the Bankruptcy Rules and Local Rule 1015-1.

**BACKGROUND**

3.      On the date hereof (the "<u>Petition Date</u>"), the Debtors commenced their bankruptcy cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "<u>Chapter 11 Cases</u>").  No trustee, examiner or creditors' committee has been appointed in these cases.  The Debtors are operating their respective businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      The events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the First Day Declaration.

**RELIEF REQUESTED**

5.      By this Motion, the Debtors respectfully request the entry of an order directing joint administration of their related Chapter 11 Cases and the consolidation thereof for procedural purposes only, pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b), and Local Rule 1015-1.

6.      Joint administration of the Chapter 11 Cases will provide significant administrative convenience without harming the substantive rights of any party in interest.  Many of the motions, hearings and orders that will arise in the Chapter 11 Cases will affect each Debtor.  The entry of an order directing joint administration of the Chapter 11 Cases will reduce fees and costs by avoiding duplicative filings and objections.  Joint administration also will allow this Court, the Office of the United States Trustee for the District of Delaware (the "<u>U.S. Trustee</u>") and all parties in interest to monitor the Chapter 11 Cases with greater ease.

7.      Further, joint administration will not adversely affect the Debtors' respective constituencies because this Motion requests only administrative, not substantive, consolidation of the Debtors' estates.  Parties in interest will not be harmed by the relief

requested but, instead, will benefit from the cost reductions associated with the joint administration of the Chapter 11 Cases.

8.      In order to administer the Chapter 11 Cases as efficiently as possible, such cases should be jointly administered, for procedural purposes only, under the case number assigned to AN Global LLC.  The Debtors also request that the Clerk of the Court maintain one file and one docket for all of the jointly-administered Chapter 11 Cases, which file and docket shall be the file and docket for AN Global LLC.

9.      The Debtors further request that the cases be administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re* | Chapter 11 |
| **AN GLOBAL LLC,** *et al.*,[1] | Case No. 23-11294 (___) |
| **Debtors.** | (Jointly Administered) |

\*    \*    \*

---

1.   A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://www.kccllc.net/AgileThought.  The Debtors' address is 222 W. Las Colinas Boulevard, Suite 1650E, Irving, TX 75039.

10.      The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than AN Global LLC to reflect the joint administration of the Chapter 11 Cases:

An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing the

procedural consolidation and joint administration of the chapter 11 cases commenced concurrently by AN Global LLC and the debtors in the above-captioned cases.  The docket in the chapter 11 case of AN Global LLC, Case No. 23-11294 (___), should be consulted for all matters affecting this case.

## **BASIS FOR RELIEF**

11.     Bankruptcy Rule 1015(b) provides, in pertinent part, that "(i)f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the Court may order a joint administration of the estates."  Fed. R. Bankr. P. 1015(b).  The Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code.  Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize this Court to grant the relief requested herein.

12.     In addition, Local Rule 1015-1 provides as follows:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in the Court under title 11 is warranted and will ease the administrative burden for the Court and the parties.  An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time.  An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

Del. Bankr. L.R. 1015-1.

13.     Section 105(a) of the Bankruptcy Code also provides this Court with the power to grant the relief requested herein by the Debtors.  Section 105(a) of the Bankruptcy Code states that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  11 U.S.C. § 105(a).

14.     Joint administration is generally non-controversial, and courts in this district routinely order joint administration in multiple related cases.  *See, e.g.*, *In re Stanadyne*

*LLC*, No. 23-10207 (Bankr. D. Del. Feb. 22, 2023), ECF No. 44; *In re Vesta Holdings, LLC*, No. 22-11019 (Bankr. D. Del. Nov. 1, 2022), ECF No. 51; *In re Kabbage, Inc. d/b/a KServicing*, No. 22-10951 (Bankr. D. Del. Oct. 4, 2022), ECF No. 42; *In re TPC Group Inc.*, No. 22-10493 (Bankr. D. Del. June 2, 2022), ECF No. 113.

15.     The joint administration of the Chapter 11 Cases will not adversely affect the Debtors' respective creditors because this Motion requests only administrative, and not substantive, consolidation of the estates.  For example, to the extent applicable, any creditor may still file a claim against a particular Debtor or its estate (or against multiple Debtors and their respective estates), intercompany claims among the Debtors will be preserved and the Debtors will maintain separate records of assets and liabilities to the extent maintained in the ordinary course of business prior to the Petition Date.  Thus, individual creditors' rights will not be harmed by the relief requested; rather, the constituents will benefit from the cost reductions associated with the joint administration of the Chapter 11 Cases.

16.     Accordingly, the Debtors submit that the joint administration of the Chapter 11 Cases is in the best interests of the Debtors, their estates, their creditors and all other parties in interest.

17.     For all of the foregoing reasons, the Debtors respectfully request the immediate entry of an order providing for the joint administration of the Chapter 11 Cases.

## NOTICE

18.     Notice of the hearing of this Motion has been provided to: (i) the U.S. Trustee; (ii) counsel to the DIP Agent; (iii) counsel for the prepetition secured lenders; (iv) those parties listed on the list of creditors holding the twenty (20) largest unsecured claims against the Debtors (on a consolidated basis), as identified in their chapter 11 petitions; and (v) all the parties that have requested notice in this proceeding pursuant to Bankruptcy Rule 2002.  Notice

of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m).  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### NO PRIOR REQUEST

19.     No prior request for the relief sought in this Motion has been made to this Court or any other court.

*[Remainder of Page Intentionally Left Blank.]*

WHEREFORE, the Debtors respectfully request that the Court (i) enter an order, substantially in the form attached hereto as **Exhibit A**, directing the joint administration of the Chapter 11 Cases and (ii) grant such other and further relief as may be just and proper.

Dated:  August 28, 2023
       Wilmington, Delaware

Respectfully submitted,

*/s/ Jeremy W. Ryan*
Jeremy W. Ryan (No. 4057)
Gregory J. Flasser (No. 6154)
Sameen Rizvi (No. 6902)
POTTER ANDERSON & CORROON LLP
1313 North Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile:  (302) 658-1192
Email:  jryan@potteranderson.com
       gflasser@potteranderson.com
       srizvi@potteranderson.com

  -and-

Kathryn A. Coleman
Christopher Gartman
Jeffrey S. Margolin
Elizabeth A. Beitler
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004-1482
Telephone: (212) 837-6000
Facsimile:  (212) 422-4726
Email:  katie.coleman@hugheshubbard.com
      chris.gartman@hugheshubbard.com
      jeff.margolin@hugheshubbard.com
      elizabeth.beitler@hugheshubbard.com

*Proposed Counsel for the Debtors and Debtors-in-Possession*

## EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re* | Chapter 11 |
| **AN GLOBAL LLC,** | Case No. 23-11294 (___) |
| **Debtor.** | |

| | |
|---|---|
| *In re* | Chapter 11 |
| **4TH SOURCE HOLDING CORP.,** | Case No. 23-11299 (___) |
| **Debtor.** | |

| | |
|---|---|
| *In re* | Chapter 11 |
| **AGILETHOUGHT COSTA RICA S.A.,** | Case No. 23-11302 (___) |
| **Debtor.** | |

| | |
|---|---|
| *In re* | Chapter 11 |
| **AGILETHOUGHT SERVICIOS MÉXICO, S.A. DE C.V.,** | Case No. 23-11304 (___) |
| **Debtor.** | |

| | |
|---|---|
| *In re* | Chapter 11 |
| **AGILETHOUGHT, INC.,** | Case No. 23-11305 (___) |
| **Debtor.** | |

| | |
|---|---|
| *In re* | Chapter 11 |
| **4TH SOURCE MEXICO, LLC,** | Case No. 23-11306 (___) |
| **Debtor.** | |
| *In re* | Chapter 11 |
| **AGILETHOUGHT, LLC,** | Case No. 23-11308 (___) |
| **Debtor.** | |
| *In re* | Chapter 11 |
| **AGILETHOUGHT SERVICIOS ADMINISTRATIVOS, S.A. DE C.V.,** | Case No. 23-11309 (___) |
| **Debtor.** | |
| *In re* | Chapter 11 |
| **AGS ALPAMA GLOBAL SERVICES USA, LLC,** | Case No. 23-11311 (___) |
| **Debtor.** | |
| *In re* | Chapter 11 |
| **AN EXTEND, S.A. DE C.V.,** | Case No. 23-11317 (___) |
| **Debtor.** | |

| | |
|---|---|
| *In re* | Chapter 11 |
| **AN EVOLUTION, S. DE R.L. DE C.V.,** | Case No. 23-11320 (___) |
| **Debtor.** | |
| *In re* | Chapter 11 |
| **CUARTO ORIGEN, S. DE R.L. DE C.V.,** | Case No. 23-11321 (___) |
| **Debtor.** | |
| *In re* | Chapter 11 |
| **ENTREPIDS TECHNOLOGY INC.,** | Case No. 23-11323 (___) |
| **Debtor.** | |
| *In re* | Chapter 11 |
| **FAKTOS INC, S.A.P.I. DE C.V.,** | Case No. 23-11325 (___) |
| **Debtor.** | |
| *In re* | Chapter 11 |
| **FACULTAS ANALYTICS, S.A.P.I. DE C.V.,** | Case No. 23-11328 (___) |
| **Debtor.** | |

| | |
|---|---|
| *In re* | Chapter 11 |
| **IT GLOBAL HOLDING LLC,** | Case No. 23-11330 (___) |
| Debtor. | |

| | |
|---|---|
| *In re* | Chapter 11 |
| **AGILETHOUGHT DIGITAL SOLUTIONS, S.A.P.I. DE C.V.,** | Case No. 23-11333 (___) |
| Debtor. | |

| | |
|---|---|
| *In re* | Chapter 11 |
| **QMX INVESTMENT HOLDINGS USA, INC.,** | Case No. 23-11335 (___) |
| Debtor. | |

| | |
|---|---|
| *In re* | Chapter 11 |
| **AGILETHOUGHT MÉXICO, S.A. DE C.V.,** | Case No. 23-11337 (___) |
| Debtor. | |

| | |
|---|---|
| *In re* | Chapter 11 |
| **4TH SOURCE, LLC,** | Case No. 23-11339 (___) |
| Debtor. | |

4

| | |
|---|---|
| *In re* | Chapter 11 |
| **AGILETHOUGHT, S.A.P.I. DE C.V.,** | Case No. 23-11340 (___) |
| **Debtor.** | |
| *In re* | Chapter 11 |
| **AN DATA INTELLIGENCE, S.A. DE C.V.,** | Case No. 23-11341 (___) |
| **Debtor.** | |
| *In re* | Chapter 11 |
| **AN USA,** | Case No. 23-11342 (___) |
| **Debtor.** | |
| *In re* | Chapter 11 |
| **AN UX, S.A. DE C.V.,** | Case No. 23-11343 (___) |
| **Debtor.** | |
| *In re* | Chapter 11 |
| **ENTREPIDS MÉXICO, S.A. DE C.V.,** | Case No. 23-11344 (___) |
| **Debtor.** | |

**ORDER PURSUANT TO 11 U.S.C. § 105(a), FED. R. BANKR. P. 1015(b)
AND LOCAL RULE 1015-1 DIRECTING JOINT ADMINISTRATION
<u>OF THE DEBTORS' RELATED CHAPTER 11 CASES</u>**

Upon the motion (the "Motion")[1] of the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b) and Local Rule 1015-1, directing the joint administration of the Debtors' related chapter 11 cases (the "Chapter 11 Cases"); and upon consideration of the *Declaration of James S. Feltman, Chief Restructuring Officer of the Debtors, in Support of First Day Relief*; and upon the statements of counsel in support of the relief requested in the Motion at the hearing before the Court; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion and hearing to consider the relief requested herein (the "Hearing") appearing adequate and appropriate under the circumstances; and this Court having found that no other or further notice need be provided; and the legal and factual bases set forth in the Motion establishing just and sufficient cause to grant the relief requested therein; and the relief granted herein being in the best interests of the Debtors, their estates, creditors and all parties in interest; and the Court having held the Hearing with the appearances of interested parties noted in the record of the Hearing; and no objection to the Motion having been filed or made at the Hearing

---

[1]. Capitalized terms used, but not otherwise defined, herein shall have those meanings ascribed to them in the Motion.

6

on the Motion; and upon all of the proceedings before the Court and after due deliberation and

sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The Chapter 11 Cases shall be jointly administered and consolidated for

procedural purposes only.

3.      The Clerk of the Court shall maintain one file and one docket for the

Chapter 11 Cases, which file and docket shall be the file and docket for the chapter 11 case of

AN Global LLC, Case No. 23–11294 (___).

4.      The consolidated caption of the jointly administered cases shall read as

follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re* | Chapter 11 |
| **AN GLOBAL LLC,** *et al.,*[1] | Case No. 23-11294 (___) |
| **Debtors.** | (Jointly Administered) |

\*   \*   \*

---

1.    A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://www.kccllc.net/AgileThought.  The Debtors' address is 222 W. Las Colinas Boulevard, Suite 1650E, Irving, TX 75039.

5.      The Clerk of the Court shall make a docket entry in each of the Chapter 11

Cases other than AN Global LLC substantially as follows:

An order has been entered in accordance with Rule 1015(b) of the
Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the

Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing the procedural consolidation and joint administration of the chapter 11 cases commenced concurrently by AN Global LLC and the debtors in the above-captioned cases.  The docket in the chapter 11 case of AN Global LLC, Case No. 23-11294 (___), should be consulted for all matters affecting this case.

6.      Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise affecting a substantive consolidation of the Chapter 11 Cases.

7.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8.      This Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

IMPAC - 10965843v.5  08/28/2023 5:26 AM