**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re* | Chapter 11 |
| AN GLOBAL, LLC, et al.,[1] | Case No. 23-11294 (JKS) |
| **Debtors.** | |

**CREDIT SUISSE MEXICO CREDIT OPPORTUNITIES FUND'S RESERVATION OF RIGHTS WITH RESPECT TO ENTRY OF FINAL DIP ORDER**

Credit Suisse Mexico Credit Opportunities Fund ("CSMCOF"), by and through their undersigned counsel, hereby submit this reservation of rights ("Reservation of Rights") to the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Senior Secured Priming Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection to the Prepetition 1L Secured Parties, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* [Docket No. 12] (The "Motion").[2] In support of this reservation of rights, CSMCOF respectfully states as follows:

**RESERVATION OF RIGHTS**

1. CSMCOF is the beneficial owner approximately $13.1 million[3] of outstanding principal Indebtedness under the Prepetition 2L Credit Agreement as of the Petition Date. CSMCOF is the beneficiary of two trusts (the "Trusts") who are the record holders of the

---

[1] A complete list of the Reorganized Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://kroll.com/AgileThought. The Debtors' address is 222 W. Las Colinas Boulevard, Suite 1650E, Irving, TX 75039.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

[3] This approximately $13.1 million is comprised of a USD$3.7 million U.S. Dollar tranche and MXN$162.2 million Mexican Peso tranche. Amounts stated are as of the Petition Date.

approximately $13.1 million of loans (the "2L Loans") under the Prepetition 2L Credit Agreement. Pursuant to the documentation governing the Trusts, CSMCOF has the authority to direct the trustee in respect of the 2L Loans. In turn, the Trusts own over 99% of the total amount of the 2L Loans. As such, CSMCOF has sufficient authority to direct the Prepetition 2L Agents under Prepetition 2L Credit Agreement and the Intercreditor Agreement.

2. The relationship between the DIP Agent / Prepetition 1L Agent and DIP Lenders / Prepetition 1L Lenders on the one hand and the 2L Agents and the 2L Lenders on the other is governed by the Intercreditor Agreement.

3. The Intercreditor Agreement limits the amount of first lien debt to which the Prepetition 2L Obligations are subordinated through the First Lien Debt Cap (as such term is defined in the Intercreditor Agreement). The Intercreditor Agreement defines First Lien Obligations that exceed the First Lien Debt Cap as "Excess First Lien Obligations." Pursuant to Section 4.1 of the Intercreditor Agreement, proceeds from the Collateral that is subject to the Intercreditor Agreement are used to repay *first,* the costs and expenses of the First Lien Agent, *second*, First Lien Obligations "**up to but not in excess of the First Lien Cap**", *third*, Second Lien Obligations, and *fourth* Excess First Lien Obligations. See Intercreditor Agreement § 4.1 (emphasis added).

4. CSMCOF believes that amount of the DIP Facility to be approved on a final basis exceeds the First Lien Cap by approximately $18 million. Thus, CSMCOF reserves its rights under the Intercreditor Agreement to any collateral proceeds that exceed the First Lien Debt Cap in accordance with the above-described waterfall provision.[4]

---

[4] CSMCOF notes that the initial amount of the proposed credit bid contemplated by the Stalking Horse Purchase Agreement does not appear to exceed the First Lien Debt Cap.

5. CSMCOF does not object to either the entry of the Final Order approving the Motion or the Debtors' entry into the DIP Facility on a final basis. CSMCOF also notes that the Interim Order approving the motion provides at paragraph 4: "Nothing in this Interim Order shall modify the terms of the Intercreditor Agreement, and the rights, priorities and obligations set forth thereunder." However, as the form of Final Order has not been filed with the Court, CSMCOF hereby reserves its rights with respect to the Final Order. This reservation of rights is submitted without prejudice to any other rights of CSMCOF or any other party under the Intercreditor Agreement.

Dated: Wilmington, Delaware
September 15, 2023

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

*/s/ Joseph O. Larkin*
Joseph O. Larkin (I.D. No. 4883)
Stephen J. Della Penna (ID No. 6103)
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 651-3000
Fax: (302) 651-3001
joseph.larkin@skadden.com
stephen.dellapenna@skadden.com

- and -

James J. Mazza, Jr. (admitted *pro hac vice*)
Robert E. Fitzgerald (admitted *pro hac vice*)
155 North Wacker Drive
Chicago, Illinois 60606-1720
Telephone: (312) 407-0549
Fax: (312) 407-8641
james.mazza@skadden.com
robert.fitzgerald@skadden.com

*Counsel to Credit Suisse Mexico Credit Opportunities Fund*