# EXHIBIT A

# Proposed Order)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | Chapter 11 |
| **AN GLOBAL LLC,** *et al.*,[1] | Case No. 23-11294 (JKS) |
| **Debtors.** | (Jointly Administered) |

**ORDER APPROVING (I) THE DEBTORS' ENTRY INTO
THE STALKING HORSE APA, (II) EXPENSE REIMBURSEMENT
FOR STALKING HORSE BIDDER, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned affiliated debtors and debtors in possession (collectively, the "Debtors"), pursuant to sections 105, 363, 365, 503, and 507 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1 and 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for, *inter alia*, entry of (i) an order (the "Bidding Procedures Order"): (a) scheduling a hearing (the "Sale Hearing") on approval of the proposed

---

1. The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number or registration number in the applicable jurisdiction, are: AN Global LLC (5504); AgileThought, Inc. (2509); 4th Source Holding Corp. (9629); 4th Source Mexico, LLC (7552); 4th Source, LLC (7626); AgileThought Brasil-Consultoria Em Tecnologia LTDA (01-42); AgileThought Brasil Servicos de Consultoria Em Software (01-20); AgileThought Costa Rica S.A. (6822); AgileThought Digital Solutions, S.A.P.I. de C.V. (3KR0); AgileThought México S.A. de C.V. (7E46); AgileThought, LLC (7076); AgileThought Servicios Administrativos, S.A. de C.V. (4AG1); AgileThought Servicios México S.A. de C.V. (8MY5); AgileThought, S.A.P.I. de C.V. (No Tax ID); AGS Alpama Global Services USA, LLC (0487); AN Data Intelligence, S.A. de C.V. (8I73); AN Extend, S.A. de C.V. (1D80); AN Evolution, S. de R.L. de C.V. (7973); AN USA (5502); AN UX, S.A. de C.V. (7A42); Cuarto Origen, S. de R.L. de C.V. (0IQ9); Entrepids México, S.A. de C.V. (OCYA); Entrepids Technology Inc. (No Tax ID); Facultas Analytics, S.A.P.I. de C.V. (6G37); Faktos Inc., S.A.P.I. de C.V. (3LLA); IT Global Holding LLC (8776); and QMX Investment Holdings USA, Inc. (9707). The Debtors' headquarters are located at 222 W. Las Colinas Boulevard, Suite 1650E, Irving, Texas 75039.

2. Capitalized terms used but not defined herein shall have the meanings given them in the Bidding Procedures Order (as defined below), or to the extent not defined therein, the Motion or the Stalking Horse APA (as defined below).

sale (the "Sale") of all or substantially all of the Debtors' assets (the "Assets") free and clear of all Liens, claims, and interests, other than Assumed Liabilities (as defined in the Stalking Horse APA) to the Stalking Horse Bidder, or any other Successful Bidder, and the assumption and assignment of the Assigned Contracts; (b) authorizing and approving the Bidding Procedures, and the form and manner of notice thereof; (c) approving procedures related to the assumption and assignment of certain executory contracts and unexpired leases; (d) scheduling the Auction; and (e) granting related relief; and (ii) an order (this "Order"): (a) authorizing the Debtors' entry into the Asset Purchase Agreement substantially in the form attached hereto as **Exhibit 1** (the "Stalking Horse APA") with the Stalking Horse Bidder; (b) authorizing and approving the Expense Reimbursement (as defined herein); and (c) granting related relief, all as more fully described in the Motion; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having entered the Bidding Procedures Order; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore;

11092149v.1

IT IS HEREBY FOUND AND DETERMINED THAT:[3]

A.  This Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.

B.  Venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C.  The statutory and legal predicates for the relief requested in the Motion and provided for herein are (i) sections 105, 363, 365, 503 and 507 of title 11 of the Bankruptcy Code; (ii) Bankruptcy Rules 2002, 6004, 6006, and 9014; and (ii) Local Rules 2002-1 and 6004-1.

D.  Good and sufficient notice of the relief granted by this Order has been given and no further notice is required.  A reasonable opportunity to object or be heard regarding the relief granted by this Order has been afforded to those parties entitled to notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b).

E.  The Stalking Horse APA represents the highest or otherwise best offer the Debtors have received to date to purchase the Assets designated for purchase thereunder.  The Stalking Horse APA provides the Debtors with the opportunity to sell such Assets in a manner designed to preserve and maximize their value and provides a floor for a further marketing and auction process.  Without the Stalking Horse APA, the Debtors are at a significant risk of realizing a lower price for their Assets.  The Stalking Horse Bidder shall act as a "stalking horse bidder" pursuant to the Stalking Horse APA and shall be subject to higher or otherwise better offers in accordance with

---

3. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

the Stalking Horse APA and the Bidding Procedures. Pursuit of the Stalking Horse Bidder as a "stalking horse bidder" and the Stalking Horse APA as a "stalking horse purchase agreement" is in the best interests of the Debtors and the Debtors' estates and their creditors, and it reflects a sound exercise of the Debtors' business judgment.

      F.      The Expense Reimbursement to be paid to the Stalking Horse Bidder, up to the cap of $2.5 million on account of the documented out-of-pocket fees and expenses incurred by the Stalking Horse Bidder and its Affiliates (as defined in the Stalking Horse APA), (i) are an actual and necessary cost and expense of preserving the Debtors' estates, within the meaning of sections 503(b) and 507(a)(2) of the Bankruptcy Code, (ii) are commensurate to the real and substantial benefit conferred upon the Debtors' estates by the Stalking Horse Bidder, (iii) are reasonable and appropriate, in light of the size and nature of the proposed Sale and comparable transactions, the commitments that have been made and the efforts that have been and will be expended by the Stalking Horse Bidder, (iv) were negotiated by the parties at arm's length and in good faith, and (v) are necessary to ensure that the Stalking Horse Bidder will continue to pursue its proposed acquisition of the Assets contemplated in the Stalking Horse APA. The Stalking Horse Bidder is unwilling to commit to purchase the Assets under the terms of the Stalking Horse APA without approval of the Expense Reimbursement. The Expense Reimbursement and the limitation on the Stalking Horse Bidder's liability in the event of a termination of the Stalking Horse APA, as set forth in, and in accordance with, Section 10.2 of the Stalking Horse APA were material inducements to the Stalking Horse Bidder to submit a bid that will serve as a minimum or floor bid on which the Debtors, their creditors, customers, suppliers, vendors, and other bidders can rely. The Stalking Horse Bidder has provided a material benefit to the Debtors and their creditors by increasing the likelihood that the best possible price given the circumstances for the Assets will be

received. Accordingly, the Expense Reimbursement, and the limitation on damages are reasonable and appropriate and represent the best method for maximizing value for the benefit of the Debtors' estates.

G. Entry of this Order is in the best interests of the Debtors, their estates, and creditors and all other interested parties.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. Except as expressly provided herein, nothing herein shall be construed as a determination of the rights of any party in interest in these Chapter 11 Cases. Any objections to the Motion as they pertain to the relief granted by this Order that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are hereby overruled and denied on the merits with prejudice.

3. Subject to the Bidding Procedures, the Debtors' entry into the Stalking Horse APA attached hereto as **Exhibit 1** is hereby authorized.

4. The Stalking Horse Bidder is deemed a Qualified Bidder and the Stalking Horse APA is a Qualified Bid for all purposes in connection with the bidding process, the Auction, and the Sale. Notwithstanding anything herein to the contrary, the Stalking Horse Bidder shall not be required to take any further action in order to participate in the Auction (if any) or, if the Stalking Horse Bidder is the Successful Bidder, to be named the Successful Bidder at the Sale Hearing.

5. Pursuant to section 363(k) of the Bankruptcy Code, the Stalking Horse Bidder is authorized but not required to credit bid (or assume debt) up to the full amount of the DIP Obligations and, subject to the expiration of the Challenge Period, the Prepetition 1L Obligations

(including any portion of such obligations that constitute DIP Obligations on account of the Roll-Up Loans), all as such capitalized terms are defined in the DIP Order.[4]

6. In the event of a competing bid, the Stalking Horse Bidder will be permitted, but not obligated, to submit successive subsequent bids and will be entitled in the calculation of the amount of the Stalking Horse Bidder's bid and any subsequent bids for a credit equal to the amount of the Expense Reimbursement. For the avoidance of doubt, the Stalking Horse Bidder does not waive its right to the Expense Reimbursement by placing a subsequent bid. Any proposal for a competing bid must be made in accordance with the Bidding Procedures.

7. To the extent due under the Stalking Horse APA, the Debtors are authorized to pay the Stalking Horse Bidder's reasonable, documented out-of-pocket fees and expenses incurred by the Stalking Horse Bidder and its Affiliates prior to termination of the Stalking Horse APA in connection with the Stalking Horse APA, the other transaction Documents, the Sale Order, and the transactions contemplated thereby, including the reasonable fees and expenses of legal counsel, financial advisors, consultants, and any other advisors that the Stalking Horse Bidder engages in its reasonable discretion up to $2.5 million (the "Expense Reimbursement"), to be paid under the terms of the Stalking Horse APA.

8. The obligation to pay the Expense Reimbursement in accordance with the terms of the Stalking Horse APA shall not be discharged, modified, or otherwise affected by any chapter 11 plan in these Chapter 11 Cases or by any other order or action of the Court. The Expense

---

[4]. *See Interim Order (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing and (B) Utilize Cash Collateral, (II) Granting Senior Secured Priming Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection to the Prepetition 1L Secured Parties, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief]* [Docket No. 65] (together with any related final order entered by the Bankruptcy Court, the "DIP Order").

Reimbursement shall be an allowed administrative expense claim pursuant to sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code.

9. In accordance with the Bidding Procedures, except for the Stalking Horse Bidder, no other person or entity shall be entitled to any expense reimbursement or any break-up, "topping," termination, or other similar fee or payment in connection with any bid. Any bid (other than the Stalking Horse APA) that seeks allowance or payment of any topping or other similar fee or expense reimbursement or similar consideration from the Debtors in connection with such bid, shall not be a Qualified Bid and shall not be a permitted bid at any Auction.

10. If no timely Qualified Bids other than the Stalking Horse APA are submitted on or before the Bid Deadline, the Debtors shall not hold an Auction and shall request at the Sale Hearing that this Court approve the Stalking Horse APA and the transactions contemplated thereunder. If the Debtors timely receive one or more Qualified Bids other than the Stalking Horse APA, then the Auction shall be held in accordance with the Bidding Procedures.

11. This Order shall be effective immediately upon entry, and any stay of orders provided for in Bankruptcy Rules 6004(h) or 6006(d) or any other provision of the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules is expressly waived. The Debtors are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order, and may, in their sole discretion and without further delay, take any action and perform any act authorized or approved under this Order.

12. The requirements set forth in Local Rules 6004-1, 9006-1, and 9013-1 are hereby satisfied or waived.

13. The Debtors are authorized to take all steps necessary or appropriate to implement the relief granted in this Order.

14. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation or interpretation of the Order.