# **EXHIBIT B**

**(Blackline)**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | Chapter 11 |
| **AN GLOBAL LLC,** *et al.*,[1] | Case No. 23-11294 (JKS) |
| **Debtors.** | (Jointly Administered) |
| | Re: Docket Nos. 9, 69, ~~&~~ 222**, & 331** |

## ~~THIRD~~**FOURTH** INTERIM ORDER (I) AUTHORIZING DEBTORS TO (A) CONTINUE TO MAINTAIN THEIR EXISTING CASH MANAGEMENT SYSTEM, BANK ACCOUNTS, AND BUSINESS FORMS, (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, AND (C) CONTINUE TO PERFORM ORDINARY COURSE INTERCOMPANY TRANSACTIONS; (II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO ORDINARY COURSE POSTPETITION INTERCOMPANY CLAIMS; AND (III) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") for entry of interim and final orders pursuant to sections 105(a), 345, 363(c)(1), 364(a), and 503(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 6003 and 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2015-2 and 9013-1(m) of the Local Rules of Bankruptcy

---

1. The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number or registration number in the applicable jurisdiction, are: AN Global LLC (5504); AgileThought, Inc. (2509); 4th Source Holding Corp. (9629); 4th Source Mexico, LLC (7552); 4th Source, LLC (7626); AgileThought Brasil-Consultoria Em Tecnologia LTDA (01-42); AgileThought Brasil Servicos de Consultoria Em Software (01-20); AgileThought Costa Rica S.A. (6822); AgileThought Digital Solutions, S.A.P.I. de C.V. (3KR0); AgileThought México S.A. de C.V. (7E46); AgileThought, LLC (7076); AgileThought Servicios Administrativos, S.A. de C.V. (4AG1); AgileThought Servicios México S.A. de C.V. (8MY5); AgileThought, S.A.P.I. de C.V. (No Tax ID); AGS Alpama Global Services USA, LLC (0487); AN Data Intelligence, S.A. de C.V. (8I73); AN Extend, S.A. de C.V. (1D80); AN Evolution, S. de R.L. de C.V. (7973); AN USA (5502); AN UX, S.A. de C.V. (7A42); Cuarto Origen, S. de R.L. de C.V. (0IQ9); Entrepids México, S.A. de C.V. (OCYA); Entrepids Technology Inc. (No Tax ID); Facultas Analytics, S.A.P.I. de C.V. (6G37); Faktos Inc., S.A.P.I. de C.V. (3LLA); IT Global Holding LLC (8776); QMX Investment Holdings USA, Inc. (9707); AgileThought Argentina, S.A. (No Tax ID); AGS Alpama Global Services México, S.A. de C.V. (No Tax ID); Tarnow Investment, S.L. (No Tax ID); and Anzen Soluciones, S.A. de C.V. (No Tax ID). The Debtors' headquarters are located at 222 W. Las Colinas Boulevard, Suite 1650E, Irving, Texas 75039.

2. Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") (i) authorizing, but not directing, the Debtors to (a) continue to operate their existing cash management system, including maintenance of the Debtors' existing bank accounts, checks, and business forms, (b) honor certain prepetition obligations related thereto, and (c) continue to perform intercompany transactions in the ordinary course consistent with historical practice; (ii) granting administrative expense priority status to postpetition intercompany claims; and (iii) granting related relief, as more fully set forth in the Motion; and upon consideration of the *Declaration of James S. Feltman, Chief Restructuring Officer of the Debtors, in Support of First Day Relief*; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and due and proper notice of the hearing to consider the relief requested herein (the "Hearing") having been provided to the Notice Parties; and it appearing that no other or further notice need be provided; and the Court having entered interim orders on the Motion on August 31, 2023 [Docket No. 69] ~~and~~; on October 6, 2023 [Docket No. 222]; and on October 25, 2023 [Docket No. 331]; and the legal and factual bases set forth in the Motion establishing just and sufficient cause to grant the relief requested therein; and the relief granted herein being in the best interests of the Debtors, their estates, creditors, and all parties-in-interest; and the Court having held the Hearing with the appearances of interested parties noted in the record of the Hearing; and no objection to the Motion having been filed or made at the Hearing on the Motion; and upon all of the proceedings before the Court and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein on an interim basis.

2. The Debtors are authorized, but not directed, to: (a) continue operating the Cash Management System used prior to the commencement of these Chapter 11 Cases; (b) honor their prepetition obligations related thereto; and (c) continue to perform Intercompany Transactions consistent with historical practice, subject to and in accordance with the terms of this Order.

3. The Debtors are further authorized, but not directed, to: (a) continue to use, with the same account numbers, the Bank Accounts in existence as of the Petition Date, including those accounts identified on **Exhibit 1** attached hereto, and the guidelines relating to establishing new tax and payroll bank accounts set forth in the UST Guidelines are hereby deemed waived; (b) use, in their present form, any pre-printed correspondence and Business Forms (including checks and letterhead) without reference to the Debtors' status as debtors-in-possession; (c) treat the Bank Accounts for all purposes as accounts of the Debtors as debtors-in-possession; (d) deposit funds in and withdraw funds from the Bank Accounts by all usual means, including checks, ACH transfers, wire transfers, and other debits; and (e) pay any ordinary course Bank Fees incurred in connection with the Bank Accounts, and to otherwise perform their obligations under the documents governing the Bank Accounts; *provided* that once the Debtors' pre-printed correspondence, Business Forms (including letterhead) and existing checks have been used, the Debtors shall, when reordering, require the designation "Debtor-in-Possession" and the corresponding bankruptcy case number on all such documents.

4. The Banks are authorized to continue to service and administer the Bank Accounts as debtor-in-possession accounts without interruption, and to accept and honor all representations from the Debtors as to which checks, drafts, wires or ACH transfers shall be

honored or dishonored consistent with any order(s) of this Court and governing law, whether such checks, drafts, wires or ACH transfers are dated prior to or subsequent to the Petition Date.

5. Each of the Debtors' Banks is authorized to debit the Debtors' Bank Accounts in the ordinary course of business without the need for further order of this Court for: (i) all checks drawn on the Debtors' Bank Accounts which are cashed at such Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (ii) all checks or other items deposited in one of the Debtors' Bank Accounts with such Bank prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtors were responsible for such items prior to the Petition Date; and (iii) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Bank as service charges for the maintenance of the Cash Management System.

6. The Banks may rely on the representations of the Debtors with respect to whether any check or other payment order drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this or any other order of this Court, and such Bank shall not have any liability to any party for relying on such representations by the Debtors as provided for herein.

7. Those certain existing deposit agreements between the Debtors and the Banks shall continue to govern the postpetition cash management relationship between the Debtors and the Banks, and that all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect. Either the Debtors or the Banks may, without further Order of this Court, implement changes to the Cash Management System and procedures in the ordinary course of business pursuant to terms of those certain

existing deposit agreements, including, without limitation, the opening and closing of bank accounts.

8. The Banks shall implement reasonable handling procedures designed to effectuate the terms of this Order, and if it implements such handling procedures and then honors a prepetition check or other item drawn on any Bank Account that is the subject of this Order either (i) at the direction of the Debtors to honor such prepetition check or item; (ii) in good faith believe that the Court has authorized, or intends to authorize, such prepetition check or item to be honored; or (iii) as a result of an innocent mistake made despite implementation of such handling procedures, the Banks shall not be deemed in violation of this Order or have liability for a prepetition or other item drawn on either Bank Account that is subject to this Order.

9. The Banks are authorized to charge back against the Bank Accounts (i) any returned items drawn or presented against the Bank Accounts, regardless of whether such returned items originated prepetition or postpetition, and (ii) any over-advances, credit balances or other customary fees or expenses on the Bank Accounts that arise in the ordinary course of business, either prepetition or postpetition, in connection with the use and management of such Bank Accounts; *provided*, *however*, that the Banks shall not be required to make transfers from or honor any draws against any of the Bank Accounts except to the extent of collected funds available in such respective Bank Accounts.

10. The Banks are authorized to (i) continue to charge the Debtors for certain services and other fees, costs, charges and expenses (collectively, the "Bank Fees") and (ii) charge back returned items, whether such items are dated prior to, on or subsequent to the Petition Date, to the Bank Accounts in the ordinary course, and the Debtors are authorized to pay such fees.

5

11. Nothing contained herein shall prevent the Debtors from, upon consultation with the DIP Agent and the Official Committee of Unsecured Creditors (the "Committee"), closing any Bank Account(s) or opening any additional bank accounts, as they may deem necessary and appropriate, and any relevant bank is authorized to honor the Debtors' requests to close or open such Bank Accounts or additional bank accounts, as the case may be; *provided, however*, that the Debtors shall give notice within fifteen (15) days after opening or closing a Bank Account to the U.S. Trustee and the Committee; *provided, further*, that the Debtors shall open any new bank accounts only at banks that have executed a Uniform Depository Agreement with the U.S. Trustee or are willing to immediately execute a Uniform Depository Agreement in the form prescribed by the U.S. Trustee, or use their good-faith reasonable efforts to cause such other banks to execute a Uniform Depository Agreement in a form prescribed by the Office of the U.S. Trustee.

12. The Debtors are authorized, from and after the Petition Date, to continue to engage in Intercompany Transactions in the ordinary course of business, including transactions with Non-Debtor Affiliates; *provided that* the Debtors notify the DIP Agent's financial advisors one (1) business day in advance of any Intercompany Transaction from any U.S. Debtor to any non-U.S. Debtor or any non-U.S. Non-Debtor Affiliate (other than final payroll for each week, for which notice will be provided two (2) business days in advance, and be accompanied by a reconciliation of the cash on-hand, less any outstanding checks, of the applicable non-U.S. Debtor against the budgeted cost of such payroll); provided further, that Intercompany Transactions by U.S. Debtors to non-U.S. Debtors or non-U.S. Debtor Affiliates may not exceed $100,000 in the aggregate without the prior written consent of the DIP Agent (provided, however, that to the extent any such Intercompany Transaction by a U.S. Debtor to a non-U.S.

Debtor or non-U.S. Non-Debtor Affiliate is included in the then-applicable Projected Daily Cash Flow Schedule or the DIP Budget, the DIP Agent shall be deemed to have consented). All Intercompany Claims arising from postpetition Intercompany Transactions shall be entitled to administrative expense priority status pursuant to section 503(b)(1) of the Bankruptcy Code; *provided, however*, that the Debtors shall maintain detailed records reflecting all transfers of funds, so that all such Intercompany Transactions, including prepetition and postpetition Intercompany Transactions, may be readily ascertained, traced, and recorded properly on applicable accounts. The Debtors shall continue to maintain detailed records in the ordinary course of business reflecting transfers of cash, if any, including Intercompany Transactions, so as to permit all such transactions to be readily ascertained.

13. The requirement in the UST Guidelines that the Debtors establish a specific new bank account for tax payments is waived. To the extent applicable, the Debtors' time to comply with section 345(b) of the Bankruptcy Code is hereby extended for a period of ~~thirteen~~fourteen (~~13~~14) days through November ~~6~~20, 2023 (the "Extension Period"); *provided, however*, that such extension is without prejudice to the Debtors' right to request a further extension of the Extension Period or the waiver of the requirements of section 345(b) in these Chapter 11 Cases.

14. The relief granted in this Order is extended to any new bank account opened by the Debtors at the Banks after the date hereof, provided that such new bank account is in compliance with the terms of this Order.

15. The Debtors are authorized, but not directed, to continue to perform all of their obligations under the Factoring Agreement in the ordinary course of business; *provided, however*, that, in accordance with the DIP Credit Agreement, the Debtors will not sell or assign more than 15,550,000 Mexican pesos (the approximate equivalent of $~~855,000~~887,000 as of

~~October 20~~November 6, 2023) of their receivables to Factoring Corporativo under the Factoring Agreement at any one time during these Chapter 11 Cases. Factoring Corporativo is authorized to continue collecting amounts deposited in the Factoring Account. For the avoidance of doubt, the approval of the Factoring Agreement shall be subject to the entry of a final order.

16. The Debtors are authorized, but not directed, to continue using their Center® Card in the ordinary course of business. The Center® Card issuing bank is authorized to honor all such charges made on said card *nunc pro tunc* to the Petition Date, whether they are made prior to, on, or subsequent to the Petition Date. The said issuing banks have no duty to inquire as to whether any such charges are authorized by an order of this Court.

17. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any claim against a Debtor entity; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of any or all such liens.

18. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

19. The Debtors are authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

20. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

21. A final hearing to consider the relief requested in the Motion shall be held on **November 6~~6~~16, 2023 at ~~2:00 p.m~~11:00 a.m. (Prevailing Eastern Time)** and any objections or responses to the Motion shall be in writing, filed with the Court, and served as to be actually received by (i) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Benjamin Hackman, Esq. (benjamin.a.hackman@usdoj.gov)); (ii) proposed counsel to Debtors; (iii) counsel for the DIP Agent, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, NY 10036-8704, (Attn: Gregg Galardi, Esq. (gregg.galardi@ropesgray.com), Leonard Klingbaum, Esq. (Leonard.Klingbaum@ropesgray.com) and Lindsay Barca, Esq. (lindsay.barca@ropesgray.com)) and Chipman Brown Cicero & Cole, LLP, 1313 N. Market Street Suite 5400, Wilmington, DE 19801 (Attn: Mark L. Desgrosseilliers (desgross@chipmanbrown.com)); and (iv) counsel to the Committee, Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, DE 19801 (Attn: Bradford J. Sandler (bsandler@pszjlaw.com), Colin R. Robinson (crobinson@pszjlaw.com), and Cia Mackle (cmackle@pszjlaw.com)) on or prior to **~~October 30~~November 13, 2023 at 4:00 p.m. (Prevailing Eastern Time)**.

9

**EXHIBIT 1**

| Debtor Entity | Bank Institution | Currency | Account Number (Last 4 Digits) | Balance as of 8/25/2023 (USD) | Purpose |
|---|---|---|---|---|---|
| 4th Source, LLC | Bank of America, N.A. | USD | 1694 | $79,332.48 | Operating |
| 4th Source, LLC | Bank of America, N.A. | USD | 2826 | $7,981.54 | Payroll |
| AgileThought Argentina, S.A. | Balanz Capital | AR/ USD | 5429 | $- | Foreign Exchange |
| AgileThought Argentina, S.A. | Banco Santander, S.A. | USD | 219/8 | $0.44 | Operating |
| AgileThought Argentina, S.A. | Banco Santander, S.A. | AR | 218/1 | $56.45 | Operating / Payroll |
| AgileThought Argentina, S.A. | Banco Santander, S.A. | AR | 850/1 | $454.63 | Operating |
| AgileThought Argentina, S.A. | Banco Santander, S.A. | USD | 851/8 | $0.37 | Inactive |
| AgileThought Argentina, S.A. | Bank of America, N.A. | USD | 4167 | $61,929.85 | Operating / Payroll |
| AgileThought Brasil Servicos de Consultoria Em Software LTDA | Banco Santander (Brasil) S.A. | BRL | 9541 | $- | Operating |
| AgileThought Brasil- Consultoria Em Tecnologia LTDA | Banco Santander (Brasil) S.A. | BRL | 6501 | $331,320.36 | Restricted Account / Operating / Payroll |
| AgileThought Brasil- Consultoria Em Tecnologia LTDA | Caixa General S.A. | BRL | 0583 | $- | Inactive |
| AgileThought Costa Rica SA | Banco BAC San José, S.A. | CRC | 5709 | $206,695.45 | Operating / Payroll |
| AgileThought Costa Rica SA | Banco BAC San José, S.A. | USD | 5626 | $99,796.01 | Operating / Payroll |

| Debtor Entity | Bank Institution | Currency | Account Number (Last 4 Digits) | Balance as of 8/25/2023 (USD) | Purpose |
|---|---|---|---|---|---|
| AgileThought Digital Solutions S.A.P.I. de C.V. | Banco Mercantil del Norte, S.A. (BANORTE) | MXN | 0791 | $16,689.54 | Operating |
| AgileThought Digital Solutions S.A.P.I. de C.V. | Banco Monex | USD | 0598 | $- | Operating |
| AgileThought Digital Solutions S.A.P.I. de C.V. | Banco Monex | MXN | 0596 | $- | Foreign Exchange |
| AgileThought Digital Solutions S.A.P.I. de C.V. | Banco Nacional de Mexico, S.A. (BANAMEX) | MXN | 5249 | $20.79 | Operating / Payroll |
| AgileThought Digital Solutions S.A.P.I. de C.V. | Banco Nacional de Mexico, S.A. (BANAMEX) | USD | 7434 | $5.23 | Operating |
| AgileThought Digital Solutions S.A.P.I. de C.V. | Banco Santander (México), S.A. | MXN | 9276 | $81,390.04 | Operating |
| AgileThought Digital Solutions S.A.P.I. de C.V. | BBVA México, S.A. | MXN | 3085 | $25,253.68 | Collections |
| AgileThought Digital Solutions S.A.P.I. de C.V. | MONEX- Casa de Bolsa (caja de ahorro) | MXN | 6451 | $7,783.44 | Employee Savings Bank Account |
| AgileThought Digital Solutions S.A.P.I. de C.V. | Sistema de Transferencias y Pagos STP, S.A. DE C.V. | MXN | 1317 | $- | Factoring |
| AgileThought Mexico, S.A. de C.V. | Banco Santander (México), S.A. | MXN | 7249 | $3,593.50 | Operating / Payroll |
| AgileThought Mexico, S.A. de C.V. | Banco Santander (México), S.A. | USD | 5177 | $- | Operating |
| AgileThought Servicios Administrativos, S.A. de C.V. | Banco Santander (México), S.A. | MXN | 7251 | $580.40 | Operating |

| Debtor Entity | Bank Institution | Currency | Account Number (Last 4 Digits) | Balance as of 8/25/2023 (USD) | Purpose |
|---|---|---|---|---|---|
| AgileThought, Inc. | Banco Monex | USD | 1658 | $- | Foreign Exchange |
| AgileThought, Inc. | Banco Monex | MXN | 1656 | $- | Foreign Exchange |
| AgileThought, Inc. | Bank of America, N.A. | USD | 3168 | $466,865.38 | Operating |
| AgileThought, LLC | Bank of America, N.A. | USD | 5114 | $1,237,498.61 | Operating |
| AgileThought, LLC | Bank of America, N.A. | USD | 5127 | $18,517.07 | Payroll |
| AGS Alpama Global Services Mexico, S.A. de C.V. | Banco Santander (México), S.A. | MXN | 4587 | $0.53 | Operating |
| AGS Alpama Global Services USA, LLC | Bank of America, N.A. | USD | 2470 | $374.73 | Inactive |
| AGS Alpama Global Services USA, LLC | Bank of America, N.A. | USD | 2483 | $993.84 | Payroll |
| AN Data Intelligence, S.A. de C.V. | Banco Nacional de Mexico, S.A. (BANAMEX) | MXN | 6267 | $- | Inactive |
| AN Data Intelligence, S.A. de C.V. | Banco Nacional de Mexico, S.A. (BANAMEX) | USD | 4467 | $0.09 | Inactive |
| AN Data Intelligence, S.A. de C.V. | Banco Santander (México), S.A. | MXN | 4059 | $291.75 | Operating |
| AN Evolution, S. de R.L. de C.V. | Banco Santander (México), S.A. | MXN | 7131 | $- | Inactive |
| AN Evolution, S. de R.L. de C.V. | Banco Santander (México), S.A. | USD | 0662 | $- | Inactive |
| AN Extend S.A. de C.V. | Banco Monex | USD | 7377 | $- | Inactive |

| Debtor Entity | Bank Institution | Currency | Account Number (Last 4 Digits) | Balance as of 8/25/2023 (USD) | Purpose |
|---|---|---|---|---|---|
| AN Extend S.A. de C.V. | Banco Nacional de Mexico, S.A. (BANAMEX) | MXN | 8603 | $101.36 | Operating |
| AN Extend S.A. de C.V. | Banco Nacional de Mexico, S.A. (BANAMEX) | USD | 4684 | $89.00 | Inactive |
| AN Global LLC | Bank of America, N.A. | MXN | 1818 | $- | Operating |
| AN USA | Bank of America, N.A. | USD | 3171 | $- | Inactive |
| AN USA | Bank of America, N.A. | USD | 5593 | $- | Inactive |
| AN UX, S.A. de C.V. | Banco Nacional de Mexico, S.A. (BANAMEX) | MXN | 3777 | $- | Inactive |
| AN UX, S.A. de C.V. | Banco Santander (México), S.A. | USD | 1479 | $- | Inactive |
| AN UX, S.A. de C.V. | Banco Santander (México), S.A. | MXN | 7643 | $409.88 | Operating |
| Anzen Soluciones, S.A. de C.V. | Banco Nacional de Mexico, S.A. (BANAMEX) | MXN | 2020 | $845.10 | Operating / Payroll |
| Anzen Soluciones, S.A. de C.V. | Banco Santander (México), S.A. | MXN | 3947 | $31,636.67 | Operating / Payroll |
| Anzen Soluciones, S.A. de C.V. | Banco Santander (México), S.A. | USD | 0568 | $- | Operating |
| Cuarto Origen, S. de R.L. de C.V. | Banco Nacional de Mexico, S.A. (BANAMEX) | MXN | 6736 | $8.16 | Operating |
| Entrepids Mexico, S.A. de C.V. | Banco Nacional de Mexico, S.A. (BANAMEX) | MXN | 1185 | $59.47 | Operating |

| Debtor Entity | Bank Institution | Currency | Account Number (Last 4 Digits) | Balance as of 8/25/2023 (USD) | Purpose |
|---|---|---|---|---|---|
| Entrepids Mexico, S.A. de C.V. | Banco Nacional de Mexico, S.A. (BANAMEX) | USD | 7463 | $- | Inactive |
| Facultas Analytics, S.A.P.I. de C.V. | Banco Mercantil del Norte, S.A. (BANORTE) | USD | 0962 | $- | Inactive |
| Facultas Analytics, S.A.P.I. de C.V. | Banco Mercantil del Norte, S.A. (BANORTE) | MXN | 9724 | $128.53 | Inactive |
| Facultas Analytics, S.A.P.I. de C.V. | Banco Santander (México), S.A. | MXN | 5637 | $4,117.37 | Operating |
| Facultas Analytics, S.A.P.I. de C.V. | Banco Santander (México), S.A. | USD | 9865 | $- | Inactive |
| Faktos Inc, S.A.P.I. de C.V. | Banco Santander (México), S.A. | MXN | 0794 | $- | Operating |
| Faktos Inc, S.A.P.I. de C.V. | Banco Santander (México), S.A. | USD | 9055 | $- | Inactive |
| IT Global Holding LLC | Bank of America, N.A. | USD | 4624 | $181,649.89 | Operating / Payroll |
| Tarnow Investment SL | Balanz Capital | EUR | 6777 | $- | Foreign Exchange |
| Tarnow Investment SL | Banco Santander, S.A. | EUR | 9107 | $313.34 | Operating |
| AgileThought, S.A.P.I. de C.V. | Bank of America, N.A. | USD | 1009 | N/A[1] | Operating |

---

[1] This account was opened on October 12, 2023.

11129815v.1