**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re* | Chapter 11 |
| AN GLOBAL LLC, *et al.*,[1] | Case No. 23-11294 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: To Be Determined**<br>**Obj. Deadline: August 28, 2024 at 4:00 p.m. (ET)** |

**APPLICATION OF DEBTORS TO RETAIN AND EMPLOY
GRANT & EISENHOFER P.A. AS SPECIAL LITIGATION COUNSEL TO THE
DEBTORS AND DEBTORS IN POSSESSION PURSUANT TO SECTIONS 327(a) AND
328(a) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014(a) AND 2016,
AND LOCAL RULE 2014-1, EFFECTIVE AS OF AUGUST 2, 2024**

AN Global LLC, and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") hereby submit this application (this "Application") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 ( the "Bankruptcy Code"), rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Debtors to retain Grant & Eisenhofer P.A. ("G&E") as special litigation counsel to the Debtors in these Chapter 11 Cases pursuant to the terms of the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number or registration number in the applicable jurisdiction, are: AN Global LLC (5504); AgileThought, Inc. (2509); 4th Source, LLC (7626); AgileThought Brasil Servicos de Consultoria Em Software (01-20); AgileThought Digital Solutions, S.A.P.I. de C.V. (3KR0); AgileThought México S.A. de C.V. (7E46); AgileThought, LLC (7076); AGS Alpama Global Services USA, LLC (0487); AN Extend, S.A. de C.V. (1D80); AN Evolution, S. de R.L. de C.V. (7973); AN UX, S.A. de C.V. (7A42); Cuarto Origen, S. de R.L. de C.V. (0IQ9); Entrepids México, S.A. de C.V. (OCYA); Facultas Analytics, S.A.P.I. de C.V. (6G37); Faktos Inc., S.A.P.I. de C.V. (3LLA); IT Global Holding LLC (8776); Tarnow Investment, S.L. (No Tax ID); and Anzen Soluciones, S.A. de C.V. (No Tax ID). The Debtors' headquarters are located at 222 W. Las Colinas Boulevard, Suite 1650E, Irving, Texas 75039.

engagement letter by and between the Debtors and G&E dated as of August 2, 2024 (the "Engagement Letter"),[2] attached hereto as **Exhibit B**. In support hereof, the Debtors rely on the declaration of Gordon Z. Novod attached hereto as **Exhibit C** (the "Novod Declaration") and the declaration of James Carroll attached hereto as **Exhibit D** (the "Carroll Declaration") and further represent as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (this "Court") has jurisdiction over these Chapter 11 Cases, the Debtors, property of the Debtors' estates, and these matters under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b).

2. Pursuant to Local Rule 9013-1(f), the Debtors confirm their consent to the entry of a final order or judgment by the Court with respect to this Application if it is determined that this Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

3. Venue of these Chapter 11 Cases and this Application in this district is proper under 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Engagement Letter.

**GENERAL BACKGROUND**

5. On August 28, August 29, September 1, October 6, and December 28, 2023 (as applicable, the "Petition Date"), the Debtors commenced their bankruptcy cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. No trustee or examiner has been appointed in these Chapter 11 Cases. On September 7, 2023, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee"). *See* Docket No. 88.

7. Pursuant to orders from this Court the Debtors already employ (a) Hughes Hubbard & Reed LLP as bankruptcy counsel; (b) Potter Anderson & Corroon as bankruptcy co-counsel; (c) Kurtzman Carson Consultants LLC (dba Verita Global) as administrative advisor to the Debtors; (d) Teneo Capital LLC as financial advisor to the Debtors, (e) Guggenheim Securities, LLC as investment banker to the Debtors, (f) Deloitte Asesoría Financiera, S.C. as provider of certain management and consulting services to certain of the Mexican Debtors, (g) Garrigues Mexico, S.C. as special foreign counsel, and (h) Carroll Services, LLC to provide a wind-down administrator (the "Wind-Down Administrator") to Debtors.[3] Docket Nos. 167, 170, 171, 178, 203, 210, 549 & 932.

8. A detailed description of the Debtors, including their business operations, their corporate and capital structure, the events leading to the commencement of these Chapter 11 Cases, and the facts and circumstances supporting this Application, is set forth in greater detail in the

---

[3] The Debtors may seek to retain additional professionals should circumstances warrant.

*Declaration of James S. Feltman, Chief Restructuring Officer of AgileThought, Inc., in Support of First Day Relief* [Docket No. 13] (the "<u>First Day Declaration</u>"), which is incorporated herein by reference.

## **RELIEF REQUESTED**

9. By this Application, the Debtors seek to retain and employ G&E pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1 as special litigation counsel, effective as of August 2, 2024, in connection with the investigation, pursuit, compromise, settlement, and/or liquidating certain claims against the Debtors' former officers and directors, as well as against the Debtors' former auditor, KPMG LLP, and the Debtors' other former professionals.

## **SERVICES TO BE PROVIDED**

10. The services of G&E are necessary to enable the Debtors to execute faithfully their duties as debtors and debtors in possession in the Chapter 11 Cases. Subject to Court approval, the professional services that G&E will be required to render shall include, but shall not be limited to, efficiently and expeditiously investigate, pursue, compromise, settle, and/or liquidate certain claims the Debtors' former officers and directors, as well as against the Debtors' former auditor, KPMG LLP, and the Debtors' other former professionals.

## **BASIS FOR RELIEF**

11. Under section 327(a) of the Bankruptcy Code, a debtor in possession "with the court's approval, may employ one or more attorneys . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor in possession] in carrying out [its] duties under this title." 11 U.S.C. § 327(a). Such employment may

be based on "any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on fixed percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

## QUALIFICATIONS OF G&E

12. The Debtors have selected G&E because of, *inter alia,* their extensive experience representing litigation trustees, and other post-effective date administrators, in the efficient and expeditious investigation, pursuit, compromise, settlement, and/or liquidation of claims against directors and officers, financial sponsors, auditors, and others in bankruptcy cases and restructuring-related general commercial litigation matters. G&E is able to combine its sophisticated complex litigation skills with a practiced understanding of the Bankruptcy Code and other applicable insolvency laws to obtain substantial recoveries for clients through third party litigation on behalf of liquidators, and post-confirmation litigation trustees. These actions have involved contested exchange offers, fraudulent transfers (under Federal and state laws), redemptions, breach of contract, fiduciary duty, unlawful dividend, and corporate governance claims.

13. G&E has a long roster of successful and varied bankruptcy, distressed, and non-distressed litigation cases, including (A) the following litigation trustees, or their equivalents, in litigation against the debtors' former parent company, director, & others, (i) ***The Appvion Liquidating Trust***, (ii) ***The Loyalty Ventures Inc. Liquidating Trust***, (iii) ***Bed Bath & Beyond, Inc.*** and the Plan Administrator, (iv) ***The GCX Limited Liquidating Trust***, (v) ***The High Ridge Brands Liquidating Trust***, (vi) ***The GBG USA Litigation Trust***, (vii) ***The Boxed Liquidation Trust***, (viii) the Preserved Actions Administrator of ***Casa Systems, Inc***., (B) the plaintiffs in (i) ***AMCO Insurance Company, et al. v. CoBank, ACB***, and (ii) ***Diverse Partners, LP and Troy Bank & Trust Company v. AgriBank, FCB***, wherein G&E represented dozens of institutional

investors in breach of contract litigation concerning the issuer's impermissible redemption of notes, (C) investors in (i) *In re Washington Mutual, Inc*., (ii) *In re Caesars Entertainment Operating Company, et al.* and *Danner v. Caesars Entertainment Corp., et al.*, and (iii) *In re iHeartMedia, Inc., et al.*, and *Norfolk County Retirement System v. Hendrix, et al.*, (D) the following states in fraudulent transfer litigation against The Chemours Company, E. I. du Pont de Nemours & Company, DuPont de Nemours, Inc. & Dow, Inc. (i) *Vermont*, (ii) *Maine*, (iii) *Delaware*, and (E) the states of (i) Vermont, (ii) Maine, Virginia, and Ohio in the *Kidde-Fenwal Inc.* bankruptcy case.

14.     The Debtors and the Wind-Down Administrator believe that G&E is well-qualified and uniquely able to represent the Debtors in the most efficient and effective manner. The Debtors and the Wind-Down Administrator have also selected G&E because G&E have stated a desire and willingness to perform the necessary professional services for the Debtors on a contingency basis.

## DISINTERESTEDNESS OF G&E

15.     The Debtors and the Wind-Down Administrator are informed and believe that G&E is a "disinterested person," as that term is defined in 11 U.S.C. § 101(14).  The Debtors and the Wind-Down Administrator are informed and believe that the partners, attorneys and other professionals at G&E do not hold any interest adverse to the Debtors or the Debtors' estates with respect to the matter on which G&E is proposed to be employed, and do not have any connections with the Debtors, their creditors, or other significant parties-in-interest, or their respective attorneys and accountants, other than as disclosed in the Novod Declaration.

16.     The Debtors and the Wind-Down Administrator have been informed that G&E will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise. If any new relevant facts or relationships are discovered, G&E will supplement its disclosure to the Court.

Based on the Novod Declaration, the Debtors and the Wind-Down Administrator believe that G&E is in compliance with the requirements of 11 U.S.C. § 327(a) and Bankruptcy Rule 2014.

## COMPENSATION OF G&E

17. Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person "on any reasonable terms and conditions of employment, including . . . on a contingent fee basis." 11 U.S.C. § 328(a). The compensation to be paid to G&E, and the expenses to be reimbursed to G&E, in connection with the proposed retention, are as follows:

- G&E will represent the Debtors with respect to the Proceedings on a fully contingent basis. G&E's fee with respect to the proceedings (the "G&E Fee") shall be calculated by multiplying (i) the Debtors' gross recovery in the Proceedings less the G&E Expenses (as defined below) by (ii) 28%.

- G&E will advance all costs and expenses in connection with the Representation ("G&E Expenses") and, in addition to any G&E Fee, will be entitled to reimbursement of such reasonable G&E Expenses out of any recovery with respect to the Proceedings under the circumstances set forth in the Engagement Letter. These costs and expenses may include, among other things, filing fees, transcript charges, computer-assisted research costs, travel expenses, messenger charges, and fees and expenses of any expert retained by G&E in connection with the Representation. In the event that G&E wishes to retain local or specialized counsel other than G&E, the Debtors and the Wind-Down Administrator agree that G&E will be permitted to do so, with the cost of such counsel being treated as G&E Expenses hereunder, provided that the retention of local or specialized counsel shall be subject to approval of the Debtors and the Wind-Down Administrator, which approval, in the case of the Debtors and the Wind-Down Administrator, shall not be unreasonably withheld. If there is no recovery with respect to the Proceedings, G&E will not be reimbursed for advancement of any costs or expenses, and the Debtors and the Wind-Down Administrator will not owe G&E or third parties used or retained in connection with the Representation any payments of any kind. Notwithstanding anything herein to the contrary, the Wind-Down Administrator will not be liable in his individual, corporate capacity for payment of G&E's fees, costs, expenses and disbursements in connection with this engagement, nor for the fees, costs, expenses or disbursements of any third parties retained by the Debtors. Rather, it is expressly understood that G&E's fees and expenses will be satisfied by the Debtors out of proceeds of collections, if any, and agree that the Wind-Down Administrator will not be required to expend, risk, or advance any of his own funds to satisfy fees, costs, expenses or disbursements or otherwise incur financial liability.

18. Consistent with G&E's policy with respect to its other clients, G&E will charge the Debtors for all costs and disbursements incurred in rendering services to the Debtors. These customary items include, among other things, photocopying, facsimiles, travel, business meals, computerized research, postage, witness fees, and other fees related to trials and hearings. Internal or overhead costs and document production services (including regular secretarial and word processing time) will not be charged separately.

19. G&E's expenses incurred after the date of G&E's Engagement Letter with G&E shall be payable subject to Bankruptcy Court approval under 11 U.S.C. § 330(a)(1)(B).

20. The Debtors submit that this arrangement regarding G&E's professional fees and expenses is reasonable and customary in representing a client in a dispute of this nature.

21. While the Application seeks to employ G&E under a contingency fee arrangement pursuant to 11 U.S.C. § 328(a), and as such, the Application and G&E's proposed employment terms do not implicate 11 U.S.C. § 330's traditional framework, G&E intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including but not limited to 11 U.S.C. §§ 330 and 331, the Bankruptcy Rules, the Local Rules, and any orders of this Court in these Chapter 11 Cases (the "<u>Orders</u>"), for all services performed and expenses incurred during its representation of the Debtors. Similarly, for the same reasons while the Debtors does not believe that G&E's employment under a contingency fee arrangement pursuant to 11 U.S.C. § 328(a) triggers many of the guidelines in the U.S. Trustee's Appendix B – Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 § 330 by Attorneys in Larger Chapter 11 Cases (the "<u>U.S. Trustee Guidelines</u>") or raises the issues the U.S. Trustee Guidelines seek to address, G&E will work cooperatively with the U.S. Trustee to

address questions and comply as appropriate with relevant provisions of the U.S. Trustee Guidelines.

22. The Debtors believe that the retention of G&E is necessary and will result in an effective and efficient representation in the Chapter 11 Cases. G&E's representation is in accordance with sections 327(a) and 328(a) of the Bankruptcy Code. Section 327(a) of the Bankruptcy Code provides for the retention of counsel where counsel does not possess any interest materially adverse to the Debtors and are disinterested persons. Based on the Novod Declaration and as set forth below, the Debtors submit that G&E is a "disinterested person" as that term is defined in the Bankruptcy Code.

23. Accordingly, the Debtors submit that G&E's representation of the Debtors is permissible under section 327 of the Bankruptcy Code and is in the best interests of all creditors of the Debtors' estates.

24. As discussed above, the Debtors have already employed several professionals in these Chapter 11 Cases by separate applications. The Debtors understand the division of responsibility between the professionals and submit that there will be no duplicative efforts as a result of G&E's proposed retention due to the highly specialized purpose of such retention, namely pursuing the Causes of Action, which will not be duplicative of, or interfere with, the ongoing work of the other professionals.

**RETROACTIVE RETENTION**

25. The Debtors request approval of the employment of G&E as its counsel effective as of August 2, 2024. Such relief is warranted by the circumstances presented by these Chapter 11 Cases. The Third Circuit has identified "time pressure to begin service" and absence of prejudice as factors favoring retroactive retention. *See In re Arkansas Co.*, 798 F.2d 645, 650 (3d

9

Cir. 1986); *see also In re Indian River Homes, Inc.*, 108 B.R. 46, 52 (Bankr. D. Del. 1989). The complexity, intense activity and speed that have characterized these Chapter 11 Cases has necessitated that G&E, the Debtors' other professionals, and the Debtors focus immediate attention on time-sensitive matters and promptly devote substantial resources to the affairs of the Debtors' pending submission and approval of the Application.

26. Accordingly, the Debtors submit that G&E's representation of the Debtors is permissible under sections 327(a) and 328(a) of the Bankruptcy Code and is in the best interests of all creditors of the Debtors' estates.

## **NOTICE**

27. The Debtors have provided notice of this Application to the following parties or their respective counsel: (a) the U.S. Trustee; (b) the Committee; (c) counsel to the DIP Agent; (d) the office of the attorneys general for the states in which the Debtors operate; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **NO PRIOR REQUEST**

28. No previous request for the relief sought herein has been made to this Court or any other court.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: August 14, 2024

/s/ *James Carroll*

James Carroll
TITLE: Wind-Down Administrator of AN Global LLC, AgileThought, Inc., and their affiliated debtors