IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br><br> AN GLOBAL LLC, *et al.*, <br><br> Debtors. | Chapter 11 <br><br> Case No. 23-11294 (JKS) <br><br> (Jointly Administered) |

**RESPONSES AND OBJECTIONS OF KPMG LLP
TO SUBPOENA FOR RULE 2004 EXAMINATION**

   Pursuant to Federal Rules of Civil Procedure 26 and 45, made applicable in bankruptcy cases by Federal Rule of Bankruptcy Procedure 9016, KPMG LLP ("KPMG"), by and through its undersigned counsel, hereby responds and objects to the Subpoena for Rule 2004 Examination, dated December 23, 2024 (the "Subpoena"), served by Special Counsel for the Debtors in the above-captioned matter (the "Action").  KPMG appreciates Special Counsel's time and attention in meeting and conferring prior to service of the Subpoena, including with respect to the agreed time frame set forth in the Notice of Examination (ECF No. 1157-1) for service of these written responses and objections.  As indicated in those meet and confer discussions, and subject to these written responses and objections, KPMG will produce on or before January 10, 2025, the audit and review work papers responsive to the Subpoena.

   KPMG's responses herein are based on its knowledge at present.  Further investigation may reveal additional facts, information, or documents that could lead to additions to, changes in, and/or variations from responses and objections herein and any production.  Accordingly, KPMG reserves the right, but does not assume any obligation, except as required by law, to supplement,

1

amend, correct, clarify, or modify the responses or objections herein and any production, as further information becomes available.

## RESPONSES AND OBJECTIONS TO ATTACHMENT A

### Definitions and Instructions

1. KPMG objects to the Subpoena to extent it purports to require KPMG to incur significant costs associated with searching for, collecting, reviewing, testing, sampling, and producing potentially responsive information.

2. KPMG objects to the extent the Subpoena seeks documents protected by the attorney-client privilege, the peer review privilege, the self-critical analysis privilege, the attorney work product protection, the accountant-client privilege, and/or other applicable privilege, protection, or statutory exemption from disclosure. If KPMG identifies any responsive documents that it withholds on the basis of privilege or other protection, undersigned counsel will meet and confer with Defendants' counsel regarding logs describing documents or parts thereof withheld due to privilege or other protection. Nothing contained in these responses and objections, or any documents produced, is intended to be, nor should be construed as, a waiver of any such privilege or protection from disclosure.

3. KPMG objects to the extent the Subpoena seeks information that (i) is competitively sensitive or, if disclosed, would create a risk of competitive disadvantage to KPMG; (ii) constitutes trade secret or other confidential research, development, or commercial information or is otherwise confidential or proprietary in nature; or (ii) is subject to a contractual agreement, or any other legal requirement, pursuant to which KPMG is obligated to keep the information confidential. KPMG will produce information in response to the Subpoena subject to the Stipulation and Protective Order By and Between AN Global, AgileThought, Inc., and KPMG LLP in Connection with Rule 2004 Examination, dated December 23, 2024. (*See* ECF No 1159.)

4. KPMG objects to the extent the Subpoena purports to impose an obligation on KPMG to conduct anything beyond a reasonable, diligent search of readily accessible electronic files accessible through existing KPMG network-connected databases where responsive documents would be expected to be found. Going beyond such a search would be unduly burdensome and disproportionate to the needs of the Action. Further, to the extent KPMG agrees to search for non-privileged, responsive documents, KPMG does not make a representation that such documents exist or are in KPMG's possession, but only that KPMG will conduct the reasonable searches indicated for the documents or information sought.

5. KPMG objects to Definitions of "You," "Your" and "KPMG" on the grounds that they are vague, ambiguous, overbroad, and unduly burdensome in their use of the term "affiliates." KPMG will reasonably interpret KPMG and You to mean KPMG LLP, a Delaware limited liability partnership. By serving these responses and objections, or producing documents in response to the Subpoena, KPMG does not in any way adopt the Definition.

6. Any agreement by KPMG to search for and review for production potentially responsive information does not waive any objection and does not concede that KPMG has any obligation to produce any documents or information requested in the Subpoena.

**Document Request**

1. KPMG's work papers created in connection with its audit or review of each of the FY2019 Financial Statements, the FY2020 Financial Statements, the FY2021 Financial Statements, and the FY2022 Financial Statements and/or the preparation or issuance of the FY2019 Audit Opinion, the FY2020 Audit Opinion, the FY2021 Audit Opinion, and the FY2022 Audit Opinion. The relevant period for this Request is between January 1, 2019 and December 31, 2021.

**Response to Document Request 1:**

Subject to and without waiving its foregoing objections, KPMG will produce audit and review work papers responsive to Document Request 1.

Dated:  January 8, 2025

        /s/ Laurel D. Roglen

Laurel D. Roglen (No. 5759)
**BALLARD SPAHR LLP**
919 North Market Street, 11th Floor
Wilmington, DE 19801
Telephone:  302-252-4465
Email:  roglenl@ballardspahr.com

    and

Kevin A. Burke (motion seeking admission *Pro Hac Vice* to be filed)
**FOLEY & LARDNER LLP**
90 Park Avenue
New York, NY 10016
Telephone:  (212) 338-3483
Email:  kburke@foley.com

*Counsel for KPMG LLP*