IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | Chapter 11 |
| AN GLOBAL LLC, *et al.*,[1] | Case No. 23-11294 (JKS) |
| Debtors. | (Jointly Administered) |
| | Re: D.I. 969 & 1021 |
| | Hearing Date: To Be Scheduled If Necessary<br>Obj. Deadline: April 3, 2025 at 4:00 p.m. (ET) |

**DEBTORS' MOTION TO MODIFY THE TERMS OF THEIR RETENTION
AND EMPLOYMENT OF GRANT & EISENHOFER P.A. AS SPECIAL
LITIGATION COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION
PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE,
BANKRUPTCY RULES 2014(a) AND 2016, AND LOCAL RULES 2014-1 and 2016-1**

AN Global LLC, and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") hereby submit this motion (the "Motion") for entry of an order substantially in the form attached hereto as Exhibit A (the "Proposed Order"), amending the terms of the retention of Grant & Eisenhofer P.A. ("G&E") as special litigation counsel to the Debtors in these Chapter 11 Cases pursuant to the terms of the engagement letter by and between the Debtors and G&E dated as of August 2, 2024 [D.I. 969-3] (the "G&E Engagement Letter"), as amended by the proposed Amendment No. 1 to the G&E Engagement Letter attached hereto as Exhibit B. In support hereof, the Debtors rely on the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number or registration number in the applicable jurisdiction, are: AN Global LLC (5504); AgileThought, Inc. (2509); 4th Source, LLC (7626); AgileThought Brasil Servicos de Consultoria Em Software (01-20); AgileThought Digital Solutions, S.A.P.I. de C.V. (3KR0); AgileThought México S.A. de C.V. (7E46); AgileThought, LLC (7076); AGS Alpama Global Services USA, LLC (0487); AN Extend, S.A. de C.V. (1D80); AN Evolution, S. de R.L. de C.V. (7973); AN UX, S.A. de C.V. (7A42); Cuarto Origen, S. de R.L. de C.V. (0IQ9); Entrepids México, S.A. de C.V. (OCYA); Facultas Analytics, S.A.P.I. de C.V. (6G37); Faktos Inc., S.A.P.I. de C.V. (3LLA); IT Global Holding LLC (8776); Tarnow Investment, S.L. (No Tax ID); and Anzen Soluciones, S.A. de C.V. (No Tax ID). The Debtors' headquarters are located at 222 W. Las Colinas Boulevard, Suite 1650E, Irving, Texas 75039.

Declaration of Gordon Z. Novod [D.I. 969-4] (the "Original Novod Declaration"), the Declaration of James Carroll [D.I. 969-5] (the "Original Carroll Declaration"), the Supplemental Declaration of Gordon Z. Novod attached hereto as Exhibit C (the "Supplemental Novod Declaration" or "Supp. Novod Decl." ), the Supplemental Declaration of James Carroll attached hereto as Exhibit D (the "Supplemental Carroll Declaration" or "Supp. Carroll Decl."), and further represent as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware has jurisdiction over these Chapter 11 Cases, the Debtors, property of the Debtors' estates, and these matters under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b).

2. Pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors confirm their consent to the entry of a final order or judgment by the Court with respect to this Motion if it is determined that this Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

3. Venue of these Chapter 11 Cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are sections 327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2014-1.

2

**FACTUAL BACKGROUND**

5.     On August 28, August 29, September 1, October 6, and December 28, 2023 (as applicable, the "Petition Date"), the Debtors commenced their bankruptcy cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.     No trustee or examiner has been appointed in these Chapter 11 Cases. On September 7, 2023, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee"). *See* D.I. 88.

7.     Pursuant to orders from this Court the Debtors already employ, among others, (a) Hughes Hubbard & Reed LLP as bankruptcy co-counsel, (b) Potter Anderson & Corroon as bankruptcy co-counsel, and (c) Carroll Services, LLC to provide a wind-down administrator (the "Wind-Down Administrator") to Debtors. *See* D.I. 170, 932.

8.     A detailed description of the Debtors, including their business operations, their corporate and capital structure, the events leading to the commencement of these Chapter 11 Cases, and the facts and circumstances supporting this Motion, is set forth in greater detail in the *Declaration of James S. Feltman, Chief Restructuring Officer of AgileThought, Inc., in Support of First Day Relief* [Docket No. 13] (the "First Day Declaration"), which is incorporated herein by reference.

9.     On August 14, 2024, the Debtors filed the *Application to Retain and Employ Grant & Eisenhofer P.A. as Special Litigation Counsel to the Debtors and Debtors in Possession*

3

*Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1, Effective as of August 2, 2024* (the "Original Application"). *See* D.I. 969. The Original Application states that:

> The Debtors seek to retain and employ G&E . . . in connection with the investigation, pursuit, compromise, settlement, and/or liquidating certain claims against the Debtors' former officers and directors, as well as against the Debtors' former auditor, KPMG LLP, and the Debtors' other former professionals.

Original Application, ¶ 9.

10. No objections were filed to the Original Application. *See* D.I. 1018.

11. On September 4, 2024, the Court entered an order [D.I. 1021] (the "Original Retention Order") approving the Original Application.

12. Since G&E's retention, G&E has focused on the investigation of potential claims belonging to the Debtors' estates against the Debtors' former officers and directors, as well as against the Debtors' former auditor, KPMG LLP ("KPMG"), and the Debtors' other former professionals (the "Investigation"). *See* Supp. Novod Decl., at ¶ 11.

13. As part of the Investigation, on December 23, 2024, G&E, on behalf of the Debtors, served a Bankruptcy Rule 2004 Subpoena on KPMG that sought KPMG's audit and review work papers with respect to (i) financial statements prepared by AgileThought, Inc. for the years ended December 31 of each of 2019, 2020, 2021, and 2022, as well as (ii) audit opinions prepared by KPMG for the years ended December 31 of each of 2019, 2020, 2021, and 2022. *See* D.I. 1157, at pg. 6. KPMG produced documents responsive to the Rule 2004 Subpoena on January 10, 2025. *See* Supp. Novod Decl., at ¶ 12.

14. G&E has conducted the Investigation and reported bi-weekly to Mr. Carroll, as Wind-Down Administrator, as well as to employees of Blue Torch[2] pursuant to a common interest privilege. *See id.,* at ¶ 13.

15. During the course of G&E's investigation, on behalf of the Debtors, G&E reached the conclusion that the Debtors claims and causes of action against KPMG are subject to colorable and meritorious defenses. *See id.,* at ¶ 14. At the same time, G&E determined that colorable claims and causes of action exist against KPMG that may be asserted by Blue Torch in its individual capacity. *See id.,* at ¶ 14.

16. To the extent that Blue Torch recovers money from KPMG, that will effectively reduce the amount that the Debtors owe to Blue Torch.

17. G&E intends to complete its investigation of potential claims belonging to the Debtors' estates against the Debtors' former officers and directors, as well as against the Debtors' other former professionals.

**RELIEF REQUESTED**

18. By this Motion, the Debtors seek to amend the terms of their retention and employment of G&E so as to permit G&E to concurrently be retained by and represent Blue Torch as it pursues claims and causes of action against KPMG, while at the same time continuing to serve as the Debtors' special litigation counsel in connection with the investigation, pursuit, compromise, settlement, and/or liquidating certain claims against the Debtors' former officers and directors, and the Debtors' other former professionals.

---

[2] Blue Torch Finance LLC (together with Blue Torch Capital LP, "Blue Torch") is the administrative agent and collateral agent, and a lender under that Credit Agreement dated May 27, 2022, as amended by and among AN Global, certain subsidiaries of the Company, as guarantors, the financial institutions party thereto as lenders, as well as the administrative agent and collateral agent, and lender under the Senior Secured Superpriority Priming Debtor-In-Possession Financing Agreement among the Debtors party thereto and Blue Torch.

**BASIS FOR RELIEF**

19.     Under section 327(a) of the Bankruptcy Code, a debtor in possession "with the court's approval, may employ one or more attorneys . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor in possession] in carrying out [its] duties under this title." 11 U.S.C. § 327(a). Such employment may be based on "any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on fixed percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

**DISINTERESTEDNESS OF G&E**

20.     The Debtors and the Wind-Down Administrator are informed and believe that G&E will continue to be a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, should the Court permit the Debtors to amend the terms of G&E's retention to permit G&E to concurrently represent Blue Torch as it pursues claims and causes of action against KPMG. The Debtors and the Wind-Down Administrator do not believe that G&E's proposed employment by Blue Torch will result in G&E or its partners, attorneys and other professionals holding any interest adverse to the Debtors or the Debtors' estates with respect to the matters on which G&E is presently employed by the Debtors.

21.     The Debtors and the Wind-Down Administrator have been informed that G&E will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise. If any new relevant facts or relationships are discovered, G&E will supplement its disclosure to the Court. Based on the Novod Declaration and the Supplemental Novod Declaration, the Debtors and the Wind-Down Administrator believe that G&E will continue to be in compliance with the requirements of 11 U.S.C. § 327(a), Bankruptcy Rule 2014, and Local Rule 2014-1.

**COMPENSATION OF G&E**

22. The Debtors and G&E agree that G&E's compensation, as approved by the Court in the Original Retention Order, will not change as a result of this Motion.

**NOTICE**

23. The Debtors have provided notice of this Application to the following parties or their respective counsel: (a) the U.S. Trustee; (b) counsel for the Committee; (c) counsel to the DIP Agent; (d) the office of the attorneys general for the states in which the Debtors operate; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**NO PRIOR REQUEST**

24. No previous request for the relief sought herein has been made to this Court or any other court.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: March 20, 2025

/s/ *James Carroll*
Name: James Carroll
Title: Wind-Down Administrator of AN Global LLC, AgileThought, Inc., and their affiliated debtors
