IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AN Global LLC, *et al.*, | ) | Case No. 23-11294 (JKS) |
| | ) | |
| Debtors | ) | (Jointly Administered) |
| | ) | |
| | ) | Re: D.I. 1274 |

**RESERVATION OF RIGHTS, OBJECTIONS, AND ARGUMENTS BY KPMG LLP**

In response to *Debtor's Motion to Modify the Terms of Their Retention and Employment of Grant & Eisenhofer P.A. as Special Litigation Counsel to the Debtors and Debtors in Possession Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1* [D.I. 1247] (the "Motion"),[1] KPMG LLP ("KPMG" or the "Firm"), by and through its undersigned counsel, hereby files this Reservation of Rights, Objections, and Arguments, and respectfully states as follows:

As described in the Motion, on December 23, 2024, Special Litigation Counsel served a Bankruptcy Rule 2004 Subpoena on KPMG seeking the Firm's audit and review work papers with respect to financial statements prepared by AgileThought, Inc., and related audit opinions issued by the Firm for the fiscal years ended December 31 2019, 2020, 2021, and 2022.  On January 10, 2025, KPMG produced responsive documents subject to terms restricting their use and disclosure pursuant to the *Order Approving Stipulation and Proposed Protective Order by and Between AN Global, Agile Thought, Inc., and KPMG LLP in Connection with Rule 2004 Examination*. [D.I. 1159 & 1159-1]

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

As also described in the Motion, during the course of its investigation on behalf of the Debtors—and as reported to the Wind-Down Administrator, "as well as to employees of Blue Torch[2] pursuant to a common interest privilege"—Special Litigation Counsel concluded that KPMG has "colorable and meritorious defenses" with respect to any claims and causes of action the Debtors might assert against it. At the same time, Special Litigation Counsel purports to have concluded that Blue Torch could assert colorable claims and causes of action against KPMG. As a result, Special Litigation Counsel seeks the imprimatur of this Court to begin representing Blue Torch, in a direct capacity, in asserting claims against KPMG while simultaneously continuing to represent the Debtors as it completes its investigation of potential claims against the Debtors' former officers and directors and other former professionals.[3]

While KPMG takes no position on the merits of the Motion, it states unequivocally that, in addition to having meritorious defenses against any claim held by the Debtors, the Firm is *not* liable for any alleged harm or losses incurred by Blue Torch.

In addition, for the purpose of eliminating doubt, KPMG expressly reserves all its rights, objections, and arguments with respect to existing or potential conflicts between Blue Torch, on the one side, and the Debtors/AgileThought, Inc., on the other side. Thus, even if the referenced entities attempt to waive such conflicts in the future, KPMG reserves its rights, objections, and arguments with respect to, for example, whether (i) any supposed "common interest privilege" could exist between the Debtors/AgileThought, Inc., and Blue Torch (let alone shield from discovery any communications between, and information shared among, Special Litigation Counsel and Blue Torch prior to a legally effective conflict waiver); and (ii) simultaneous

---

[2] The Motion defines Blue Torch Finance LLC, together with Blue Torch Capital LP, as "Blue Torch."

[3] It remains unclear what provision of the Bankruptcy Code would authorize or require this Court to approve engagement of counsel of a non-debtor, non-estate fiduciary such as Blue Torch.

2

representation of the Debtors and Blue Torch by Special Litigation Counsel could taint the fairness of any proceeding in which a claim is asserted against KPMG, be it with respect to adjudication of comparative fault/comparative negligence or otherwise.[4]

Dated: April 3, 2025  
Wilmington, Delaware

Respectfully,

*/s/ Laurel D. Roglen*  
Laurel D. Roglen (DE No. 5759)  
BALLARD SPAHR LLP  
919 N. Market Street, 11th Floor  
Wilmington, Delaware 19801-3034  
Telephone: (302) 252-4465  
Facsimile: (302) 252-4466  
E-mail: roglenl@ballardspahr.com

-and-

Kevin A. Burke  
FOLEY & LARDNER LLP  
90 Park Avenue  
New York, New York 10016  
Telephone: (212) 338-3483  
Email: kburke@foley.com

*Counsel for KPMG LLP*

---

[4] Allocation of up to 100% fault to the Debtors/AgileThought, Inc., for any alleged harm or losses incurred by Blue Torch could be the subject of discovery and adjudication in a proceeding in which Blue Torch might assert a claim against KPMG. Likewise, there is a risk of unfairness if Special Litigation Counsel attempts to contort itself to represent both Blue Torch and the Debtors/AgileThought, Inc., in such discovery and adjudication.