IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br><br> AN GLOBAL LLC, *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 23-11294 (JKS) <br><br> (Jointly Administered) <br><br> **Re: D.I. 969, 1021, 1247, 1277** |

NOTICE OF WITHDRAWAL OF
GRANT & EISENHOFER P.A. AS SPECIAL LITIGATION
COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION

**PLEASE TAKE NOTICE** that Grant & Eisenhofer P.A. ("G&E") hereby withdraws its appearance as Special Litigation Counsel to the Debtors and Debtors in Possession. [*see* D.I. 1021, authorizing retention]. As explained below, G&E is withdrawing its appearance (i) following the completion of its investigation of the claims it was retained to investigate, (ii) pursuant of the terms of its Engagement Letter, and (iii) without objection from Wind-Down Administrator. To provide further context for its withdrawal as Special Litigation Counsel, G&E states as follows:

On August 14, 2024, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the Application of Debtors to Retain and Employ Grant & Eisenhofer P.A. ("G&E") as Special Litigation Counsel to the Debtors and Debtors in Possession Pursuant to

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number or registration number in the applicable jurisdiction, are: AN Global LLC (5504); AgileThought, Inc. (2509); 4th Source, LLC (7626); AgileThought Brasil Servicos de Consultoria Em Software (01-20); AgileThought Digital Solutions, S.A.P.I. de C.V. (3KR0); AgileThought México S.A. de C.V. (7E46); AgileThought, LLC (7076); AGS Alpama Global Services USA, LLC (0487); AN Extend, S.A. de C.V. (1D80); AN Evolution, S. de R.L. de C.V. (7973); AN UX, S.A. de C.V. (7A42); Cuarto Origen, S. de R.L. de C.V. (0IQ9); Entrepids México, S.A. de C.V. (OCYA); Facultas Analytics, S.A.P.I. de C.V. (6G37); Faktos Inc., S.A.P.I. de C.V. (3LLA); IT Global Holding LLC (8776); Tarnow Investment, S.L. (No Tax ID); and Anzen Soluciones, S.A. de C.V. (No Tax ID). The Debtors' headquarters are located at 222 W. Las Colinas Boulevard, Suite 1650E, Irving, Texas 75039.

Sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1, Effective as of August 2, 2024 [D.I. 969] (the "Application") with the United States Bankruptcy Court for the District of Delaware (the "Court").

By the Application, the Debtors sought to retain and employ G&E "in connection with the investigation, pursuit, compromise, settlement, and/or liquidating certain claims against the Debtors' former officers and directors, as well as against the Debtors' former auditor, KPMG LLP, and the Debtors' other former professionals." D.I. 969, ¶ 9.

G&E's Engagement Letter was attached to the Application as Exhibit B. *See* D.I. 969-3. G&E's Engagement Letter provides as follows:

> ***The Debtors agree that G&E is entitled to withdraw from this engagement upon the conclusion of the investigation phase of the Proceedings in the event that G&E determines, in its discretion***, *that the Debtors' claims are, in part or in whole, not meritorious*, and/or ***cannot be prosecuted on an economically viable basis in G&E's opinion***. In such event, no G&E Fee or G&E Expenses shall be due or payable to G&E.

D.I. 969-3, at pg. 4 (emphasis added).

On September 4, 2024, the Court entered an order authorizing and granting the Application (the "Retention Order"). *See* D.I. 1021. The Retention Order provided as follows:

> ***Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, the Debtors are hereby authorized and empowered to employ G&E*** as special litigation counsel in these Chapter 11 Cases ***on the terms set forth in*** the Application, ***the Engagement Letter***, the Novod Declaration, and the Carroll Declaration, effective as of August 2, 2024.

D.I. 1021, ¶ 2 (emphasis added).

On March 20, 2025, the Debtors filed a motion seeking to modify for entry of an order amending the terms of the retention of Grant & Eisenhofer P.A. as special litigation counsel to the Debtors in these Chapter 11 Cases (the "Modification Motion"). *See* D.I. 1247. The Modification Motion states

2

Since G&E's retention, G&E has focused on the investigation of potential claims belonging to the Debtors' estates against the Debtors' former officers and directors, as well as against the Debtors' former auditor, KPMG LLP ("KPMG"), and the Debtors' other former professionals (the "Investigation"). *See* Supp. Novod Decl. [D.I. 1247-5], at ¶ 11.

As part of the Investigation, on December 23, 2024, G&E, on behalf of the Debtors, served a Bankruptcy Rule 2004 Subpoena on KPMG that sought KPMG's audit and review work papers with respect to (i) financial statements prepared by AgileThought, Inc. for the years ended December 31 of each of 2019, 2020, 2021, and 2022, as well as (ii) audit opinions prepared by KPMG for the years ended December 31 of each of 2019, 2020, 2021, and 2022. *See* D.I. 1157, at pg. 6. KPMG produced documents responsive to the Rule 2004 Subpoena on January 10, 2025. *See* Supp. Novod Decl. [D.I. 1247-5], at ¶ 12.

D.I. 1247, at ¶¶12, 13.

The Modification Motion also states that:

During the course of G&E's investigation, on behalf of the Debtors, G&E reached the conclusion that the Debtors claims and causes of action against KPMG are subject to colorable and meritorious defenses. *See* [Supp. Novod Decl. [D.I. 1247-5]], at ¶ 14. At the same time, G&E determined that colorable claims and causes of action exist against KPMG that may be asserted by Blue Torch in its individual capacity. *See id.*, at ¶ 14.

D.I. 1247, at ¶15.

The Modification Motion also adds that "G&E intends to complete its investigation of potential claims belonging to the Debtors' estates against the Debtors' former officers and directors, as well as against the Debtors' other former professionals." D.I. 1247, at ¶17.

Since the filing of the Modification Motion, G&E has completed its investigation of potential claims belonging to the Debtors' estates against the Debtors' former officers and directors, as well as against the Debtors' other former professionals, thereby concluding the investigation phase of the Proceedings (as defined in the Engagement Letter). Consistent with the views expressed in the Modification Motion, G&E has determined that the Debtors' claims against the Debtors' former officers and directors are, in part or in whole, not meritorious, and/or cannot be prosecuted on an economically viable basis in G&E's opinion.

3

G&E has advised James Carroll, the "Wind-Down Administrator" for the Debtors that G&E has reached these conclusions (and completed the investigation). Additionally, G&E has notified Mr. Carroll that G&E has not identified any colorable claims that may be asserted against the Debtors' former professionals.

On May 9, 2025, the Office of the Office of the United States Trustee filed an objection to the Modification Motion (the "UST Objection"). *See* D.I. 1277. G&E does not believe that the UST Objection is meritorious because G&E is not subject to an actual conflict of interest with respect to its continued representation of the Debtors' estates on the one hand and the prospective representation of Blue Torch in the pursuit of claims and claims and causes of action against KPMG. The UST Objection raises a number of other arguments that are without merit and/or not supported by rule or legal precedent, and G&E reserves its right to address these arguments should the need arise in the future. However, at this time, G&E does not believe it is necessary to engage in any further dispute concerning the UST Objection.

Prior to filing this Notice of Withdrawal, G&E conferred with Mr. Carroll to inform him of G&E's intention to withdraw from its engagement as special litigation counsel to the Debtors and Mr. Carroll had no objection. Furthermore, G&E does not believe that there will be any adverse effect on the interests of the Debtors resulting from the withdrawal of G&E as special litigation counsel to the Debtors.

Lastly, G&E does not believe that the Court's permission is required to withdraw because following the date hereof, because the Debtors will continue to be represented by (a) Hughes Hubbard & Reed LLP as bankruptcy co-counsel, and (b) Potter Anderson & Corroon LLP as bankruptcy co-counsel. *See* D.I. 170, 203. Thus, as stated in Local Bankruptcy Rule 9010-2(b),

G&E is permitted to withdraw as special litigation counsel to the Debtors without permission of the Bankruptcy Court.

May 13, 2025

**GRANT & EISENHOFER P.A.**

/s/ *Frank H. Griffin*
Frank H. Griffin (Delaware Bar No. 7318)
123 Justison Street. 7th Floor
Wilmington, Delaware 19801
Tel: 302-622-7066
Email: fgriffin@gelaw.com

-and-

Gordon Z. Novod (admission *pro hac vice* to be sought as needed)
485 Lexington Avenue, 29th Fl.
New York, New York 10017
Tel: 646-722-8523
Fax: 646-722-8501
Email: gnovod@gelaw.com